STATE OF CONNECTICUT *v.* CARRIE JONES
(AC 18379)

Foti, Landau and Spallone, Js.

---

Argued March 29—officially released September 7, 1999

*Dante R. Gallucci,* for the appellant (defendant).

*Frederick W. Fawcett,* assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict,* state's attorney, and *Gerard P. Eisenman,* assistant state's attorney, for the appellee (state).

*Opinion*

SPALLONE, J. The defendant, Carrie Jones, appeals from the judgment of conviction, rendered after a jury trial, of (1) conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-134 (a) (1) and 53a-48, (2) attempt to commit robbery in the first degree in violation of General Statutes §§ 53a-49 and 53a-134 (a) (1), (3) felony murder in violation of General Statutes § 53a-54c and (4) having a weapon in a motor vehicle in violation of General Statutes § 29-38. More specifically, the defendant claims that the trial court improperly denied her motion for judgment of acquittal.[1] We affirm the judgment of the trial court.

---

[1] The defendant's motion for judgment of acquittal was granted as to an additional count of murder in violation of General Statutes § 53a-54a on the ground that the state failed to prove intent.

The jury reasonably could have found the following facts. On July 7, 1996, Bridgeport police officers were dispatched to Railroad Avenue regarding a shooting. Upon arrival, the officers were flagged down by pedestrians who directed them to the area of Railroad Avenue and Myrtle Avenue. There, the officers saw several people in the defendant's parked car. The officers noticed that the engine was running, the car's headlights were on and the doors were open. They also saw a male lying on the road behind the car. As the officers exited their patrol car, the defendant exited from the driver's seat, crying. The defendant told the officers that her husband, Charles Jones, who was in the front passenger seat, had been shot by the individual in the rear seat, Kareem Rolle, who also had been shot. There were three shooting victims who were taken to area hospitals, Donald Minton,[2] Rolle and the defendant's husband. Charles Jones and Rolle died from their wounds. The defendant suffered a grazing bullet wound to her right shoulder.

The defendant told the police that she and her husband and Minton had come to the area to buy drugs and were lost. Police discovered bullet holes in the rear seat and in the back of the front seat. They also found three bullet holes in the front windshield and blood stains throughout the car. In the rear passenger compartment, the police found shell casings and a bag containing crack vials. They also found two handguns, one between the driver's seat and console, and another outside the car near the right front fender. A shotgun was found underneath a wheelchair in the left rear passenger seat.[3]

At trial, the jury heard testimony from James Stephenson, a firearms and tool mark examiner, and Virginia

[2] Minton was the individual lying behind the defendant's car.

[3] The wheelchair apparently belonged to Charles Jones, who was paralyzed from the waist down as a result of a previous shooting.

Maxwell, a criminalist, both employed by the state police forensic laboratory. All of the bullets recovered had been fired from the two handguns. One gun had been fired by the defendant. Rolle and Minton also had fired a gun, but Charles Jones had not.

At the conclusion of the state's case-in-chief, the defendant moved for judgment of acquittal. The trial court granted the motion as to one of five charges then pending.[4] On June 12, 1997, the jury returned a verdict of guilty as to the four remaining counts. This appeal followed.

The defendant claims that the trial court improperly denied her motion for judgment of acquittal as to the remaining counts. Specifically, she argues that the state failed to present sufficient evidence to prove her guilty beyond a reasonable doubt.

"The standard of review employed in a sufficiency of the evidence claim is well settled. [W]e apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [trier of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . . *State* v. *James*, 237 Conn. 390, 435, 678 A.2d 1338 (1996). . . . *State* v. *Crespo*, 246 Conn. 665, 670, 718 A.2d 925 (1998). On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask instead, whether there is a reasonable view of the evidence that supports the [trier of fact's] verdict of guilty. . . . *State* v. *Torres*, 242 Conn. 485, 490, 698 A.2d 898 (1997)." (Internal quotation marks omitted.) *State* v. *Rolli*, 53 Conn. App. 269, 271–72, 729 A.2d 245, cert. denied, 249 Conn. 926, 733 A.2d 850 (1999).

---

[4] See footnote 1.

"We note that [i]t is within the province of the jury to draw reasonable and logical inferences from the facts proven. . . . The jury may draw reasonable inferences based on other inferences drawn from the evidence presented. . . . Our review is a fact based inquiry limited to determining whether the inferences drawn by the jury are so unreasonable as to be unjustifiable. . . . We note that the probative force of the evidence is not diminished because it consists, in whole or in part, of circumstantial evidence rather than direct evidence. . . . It has been repeatedly stated that there is no legal distinction between direct and circumstantial evidence so far as probative force is concerned. . . . It is not one fact, but the cumulative impact of a multitude of facts which establishes guilt in a case involving substantial circumstantial evidence. . . . [T]he inquiry into whether the record evidence would support a finding of guilt beyond a reasonable doubt does not require a court to ask itself whether it believes that the evidence . . . established guilt beyond a reasonable doubt. . . . Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. . . . In doing so, we keep in mind that [w]e have not had the jury's opportunity to observe the conduct, demeanor, and attitude of the witnesses and to gauge their credibility. . . . *State* v. *Sanchez*, 50 Conn. App. 145, 149–50, 718 A.2d 52, cert. denied, 247 Conn. 922, 722 A.2d 811 (1998)." (Internal quotation marks omitted.) *State* v. *Rolli*, supra, 53 Conn. App. 273.

In this case, the jury had before it the defendant's statement that Minton had informed the defendant and her husband that he wanted to rob someone and that her husband had agreed to go along with the robbery. The jury also heard evidence that the defendant stopped the car to pick up Rolle, the victim of the attempted

robbery, and drove him to his house so he could get drugs. The defendant remained stopped until Rolle returned to the car and the shooting stopped. In addition, the jury reasonably could have inferred that the defendant had a gun in her hand during the attempted robbery when Rolle refused to turn over money or drugs, and that the defendant shot and killed him in the car with a handgun for which she did not have a permit. Further, "[a] defendant may be convicted of felony murder for a death caused by [herself] or another when the death occurs during the commission of one of a number of specified felonies, even if neither the defendant nor [her] confederate had any intent to kill." *State* v. *Diaz*, 237 Conn. 518, 531, 679 A.2d 902 (1996). Robbery is one of those felonies. See General Statutes § 53a-54c.

We conclude, under the facts in this case, that it was not unreasonable for the jury to conclude, on the basis of the evidence presented and the reasonable inferences drawn therefrom, that the defendant fired a gun at Rolle during the robbery attempt. The evidence, therefore, was sufficient to sustain the verdict on the remaining counts.

The judgment is affirmed.

In this opinion the other judges concurred.