[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
STATE OF CONNECTICUT CARRIE JONES Date of Sentence July 25, 1997 Date of Application July 25, 1997 Date Application Filed undated Date of Decision January 22, 2002
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield.
Docket No. CR 96-120172.
Dante Gallucci, Defense Counsel, for Petitioner.
John Smriga, Assistant State's Attorney, for the State.
Sentence Affirmed.
 BY THE DIVISION:
Following a trial by jury, the petitioner was convicted of felony murder, (§ 53a-54c); conspiracy to commit robbery, 1st degree (§ 53a-134 (a)(i); attempt to commit robbery, 1st degree (§53a-134 (a)(1); and possession of a weapon in a motor vehicle (§29-38). CT Page 1747
She was sentenced as follows:
 Felony Murder — 35 years ESA 25 years, 5 years probation Conspiracy to Robbery — 12 years concurrent Attempted Robbery — 15 years concurrent Weapon in a Motor Vehicle — 3 years concurrent
The total effective sentence was 35 years, ESA 25 years with probation for 5 years.
The mandatory minimum sentence for felony murder is 25 years however the 10 years imposed beyond that minimum may be reviewed by this Division.
The facts which could have reasonably been found by the jury are reported in State v. Jones, 54 Conn. App. 709, 711 (1999), as follows:
 On July 7, 1996, Bridgeport police officers were dispatched to Railroad Avenue regarding a shooting. Upon arrival, the officers were flagged down by pedestrians who directed them to the area of Railroad Avenue and Myrtle Avenue. There, the officers saw several people in the defendant's parked car. The officers noticed that the engine was running, the car's headlights were on and the doors were open. They also saw a male lying on the road behind the car. As the officers existed their patrol car, the defendant exited from the driver's seat, crying. The defendant told the officers that her husband, Charles Jones, who was in the front passenger seat, had been shot by the individual in the rear seat, Kareem Rolle, who also had been shot. There were three shooting victims who were taken to area hospitals, Donald Minton, Rolle and the defendant's husband. Charles Jones and Rolle died from their wounds. The defendant suffered a grazing bullet wound to her right shoulder.
The defendant told the police that she and her husband and Minton had come to the area to buy drugs and were lost. Police discovered bullet holes in the rear seat and in the back of the front seat. They also found three bullet holes in the front windshield and blood stains throughout the car. In the rear passenger compartment, the police found shell casings and a bag containing crack vials. They also found two handguns, CT Page 1748 one between the driver's seat and console, and another outside the car near the right front fender. A shotgun was found underneath a wheelchair in the left rear passenger seat.
 At trial, the jury heard testimony from James Stephenson, a firearms and tool mark examiner, and Virginia Maxwell, a criminalist, both employed by the state police forensic laboratory. All of the bullets recovered had been fired from the two handguns. One gun had been fired by the defendant. Rolle and Minton also had fired a gun, but Charles Jones had not.
The evidence established that the petitioner, her husband and Donald Minton came to Bridgeport to buy drugs. At some point they decided to rob somebody. They pulled up to a male and asked if he had any crack. That victim got into their vehicle. When they attempted to rob the male, the shootings occurred.
Her attorney argues that the petitioner has no prior criminal record, that the shooting was not planned and that she was genuinely distraught over the loss of life and remorseful for participating.
In imposing the minimum period of incarceration with a period of probationary supervision, the sentencing court gave due consideration to the mitigating factors in her background. On the other hand she did drive her co-defendants to Bridgeport and drove while they looked for a victim to rob. She was armed and there was some evidence that she may have fired the shot that killed one of the victims. Her involvement in a crime of this magnitude justifies the sentence which was imposed. This Division can only modify a sentence if it is inappropriate or disproportionate. (Practice Book § 43-28). Clearly this sentence is neither. It is, therefore, affirmed.
Klaczak, Norko and Miano, J.s, participated in this decision.